UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA BANKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 09-565 (RJL) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
(November 3०, 2010) [#12, #15]

Plaintiff Sandra Banks ("plaintiff") brings this action against defendant Michael J. Astrue, Commissioner of the Social Security Administration ("defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g) (2006). Plaintiff seeks to reverse the final decision of the Commissioner, who denied plaintiff's application for disability insurance benefits.[1] Before the Court is plaintiff's Motion for Judgment of Reversal and defendant's Motion for Judgment of Affirmance. For the reasons set forth below, the Court DENIES plaintiff's motion and GRANTS defendant's motion.

BACKGROUND

On June 30, 2004, plaintiff filed an application with the Social Security Administration seeking disability insurance benefits for a period beginning in March

---

[1] *See infra* note 3.

1

2001. Administrative Record ("AR") at 16.[2] Plaintiff claimed to suffer severe pain in her knee that apparently stemmed from an injury she sustained in or around March 2000. AR at 73. After plaintiff's application was initially denied, a hearing was held before an Administrative Law Judge ("ALJ"). AR at 16. The ALJ subsequently issued his decision, denying plaintiff's application. The ALJ found that although plaintiff had indeed suffered a severe impairment and could not continue to work in her previous capacity as a nurse, her ability to work gainfully in another job precluded her claim pursuant to applicable regulations. AR at 20. In reaching his decision, the ALJ reviewed evidence relating to the medical examinations of no less than six doctors, including plaintiff's own physicians as well as agency physicians. *See* AR at 20-22.

After the Appeals Council denied plaintiff's request for review, plaintiff brought this action claiming that both the ALJ and Appeals Council's decisions were arbitrary and capricious. *See* Pl. Mot. for Judgment of Reversal at 5, 9.[3] With respect to the ALJ, plaintiff claims that the ALJ's decision was not supported by the evidence. *Id.* at 5. Specifically, plaintiff argues that the ALJ failed to give appropriate weight to plaintiff's treating physician, failed to develop the record, improperly implied that plaintiff needed

---

[2] During plaintiff's hearing, the Administrative Law Judge determined that the closed period during which he would determine plaintiff's disability status would run from March 12, 2001 to September 8, 2004 as plaintiff was clearly not gainfully employed during that period. AR at 183.

[3] This Court need not address plaintiff's claims with respect to the Appeals Council. As noted by defendant, this Court's jurisdiction is limited to the Commissioner's final decision. *See* 42 U.S.C. §405(g). Because the Appeals Council denied plaintiff's request to review the ALJ's decision, the ALJ's decision is considered the Commissioner's final decision. *See* 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a). This Court will, accordingly, only review the ALJ's decision.

to remain in a vegetative state, and failed to consider plaintiff's complaints of pain. *Id.* For the following reasons, all of these arguments are to no avail.

## ANALYSIS

In reviewing the decision of an ALJ, a district court must determine whether the ALJ's finding are supported by "substantial evidence." 42 U.S.C. § 405(g) (2006); *Brown v. Bowen*, 794 F.2d 703, 705 (D.C. Cir. 1986); *Jackson v. Barnhart*, 271 F. Supp. 2d 30, 33 (D.D.C. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla, but less than a preponderance of the evidence. *Affum v. United States*, 566 F.3d 1150, 1163 (D.C. Cir. 2009). Once it is determined that the finding is supported by such evidence, the court *must* treat the ALJ's finding as conclusive. 42 U.S.C. § 405(g).

In addition, the court must determine whether the ALJ correctly applied the relevant legal standards. *See Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted); *Jackson*, 271 F. Supp. 2d at 33 ("Even if supported by substantial evidence ... the court will not uphold the Commissioner's findings if the Commissioner reached them by applying an erroneous legal standard."). In so doing, the court must "carefully scrutinize the entire record," *Jackson*, 271 F. Supp. 2d at 34 (*quoting Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983)); *accord Brown*, 794 F.2d at 705, to determine whether the ALJ "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits." *Simms v. Sullivan*, 877 F.2d 1047,

1050 (D.C. Cir. 1989). Importantly, however, the court may not reweigh the evidence or review the ALJ's decision *de novo*. *Davis*, 566 F. Supp. at 1195.

An ALJ, tasked with evaluating a claim of disability, must conduct a five step inquiry to determine if the claimant – plaintiff – is, indeed, disabled as defined in 20 C.F.R. § 404.1520.[4] Failure at any step of the evaluation ends the inquiry. *See* 20 C.F.R. § 404.1520(a)(4). First, the claimant must show that she is not presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a "severe impairment" which "specifically limits [her] . . . ability to do basic work activities" for no less than 12 months. 20 C.F.R. § 404.1520(c). Third, the ALJ must determine whether the claimant's impairment "meets or equals" an impairment listed in the regulations. 20 C.F.R. § 404.1520(d). Fourth, the claimant must demonstrate that she is incapable of performing her previous work. 20 C.F.R. §§ 404.1520(e). And finally, the ALJ must determine whether the claimant can "make an adjustment to other work," considering her age, education, past work experience, and residual functional capacity. *See* 20 C.F.R. §§ 404.1520(e)-(g).

In reaching a determination, the ALJ must afford great weight to a treating physician's assessment, and if that assessment is disregarded, an explanation must be provided. *Williams v. Shalala*, 997 F.2d 1494, 1498 (D.C. Cir 1993). Nevertheless, the opinion of a treating physician is controlling only "if [it is] not inconsistent with other

---

[4] "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2006); *see also* 20 C.F.R. §§ 404.1505.

4

substantial record evidence and [is] well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2); *see also Butler*, 353 F.3d at 1003; *Gurrola v. Astrue*, 706 F. Supp. 2d 78, 83 (D.D.C. 2010). If the record, including any medical opinions, is inconsistent, the ALJ must "weigh all of the evidence and see whether [he] can decide whether [a claimant is] disabled based on the evidence [he has]." 20 C.F.R. § 404.1527(c)(2).

Further, the ALJ must evaluate any evidence of debilitating pain "and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a). Indeed, failing to consider subjective evidence of pain is grounds for remand. *Diabo v. Sec'y of Health, Educ., & Welfare*, 627 F.2d 278, 282 (D.C. Cir. 1980). Again, the ALJ must explain how he weighs the evidence in the record against the plaintiff's subjective complaints of pain and how he determines that the pain is not credibly disabling. *Wilks v. Apfel*, 113 F. Supp. 2d 30, 33 (D.D.C. 2000) (*citing Diabo*, 627 F.2d at 281-82).

Here, the ALJ's decision was clearly supported by substantial evidence. In finding that plaintiff "retained the residual functional capacity to perform the exertional demands of light sedentary work" and was therefore not disabled, AR at 19, the ALJ reviewed over fifty pages of medical records from six different doctors and plaintiff's own Function Reports. AR at 79-94, 106-59. The ALJ further questioned plaintiff regarding her impairment and her ability to move and function. AR at 184-87. Moreover, the ALJ appropriately explained the basis in reaching his decision, including the weight he gave to

the opinions of plaintiff's treating physicians and plaintiff's own complaints of pain. AR at 20-22.

Specifically, the ALJ evaluated the reports and statements made by the physicians, their consistency with each other, the purpose for which they were made, and the support underlying their conclusions. AR at 21-22. For example, with respect to reports by plaintiff's treating physician Doctors Dorn and Bridges, which indicate that plaintiff was disabled, the ALJ weighed not only the purpose of the reports (i.e. insurance), but also the reports of other treating physicians including Doctors Garmon, Azer and Carlini and the reports of the state agency physician. AR at 20-22. Further, with respect to plaintiff's own claims of pain, the ALJ recognized that plaintiff undoubtedly suffered pain, particularly after undergoing surgery in October 2002. AR at 21. Notwithstanding this conclusion, the ALJ noted that under the Social Security Act and applicable regulations, plaintiff must have suffered this pain for twelve continuous months. AR at 21. Subsequently, after evaluating the entirety of the record, the ALJ concluded that "[t]he totality of th[e] evidence persuades me that the claimant's statements concerning the intensity, duration and limiting effects of subjective symptoms are less than fully credible." AR at 21. The ALJ also found, after evaluating the findings of a vocational expert, that although plaintiff may not have been able to continue in her previous employment as a nurse, she "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." AR at 24.

Thus, because the ALJ appropriately applied the law in evaluating the record and based his findings on substantial evidence, this Court must affirm the Commissioner's final decision.[5]

## CONCLUSION

Accordingly, the Court DENIES plaintiffs Motion for a Judgment of Reversal [#12] and GRANTS defendant's Motion for a Judgment of Affirmance [#15]. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[5] Plaintiff's claim that the ALJ implied that she must remain in a vegetative state is without merit. Indeed, in reaching his conclusion, the ALJ evaluated the entire record, which included the regular physical activities performed by plaintiff during the relevant period, as well as her physicians' evaluations, her own declarations of pain, and her lack of gainful employment.

7